NORDEN *v.* SPAULDING.

PATENTS; INTERFERENCE.

1. A party to an interference is not relieved of the obligation to combat the effect of a patent issued to his adversary by the fact that he had, before the issue of such patent, filed an application for a patent for a device of the same general character as that involved in the interference, where such application did not disclose the issue of the interference.

2. The law does not favor the multiplication of applications and of patents for devices closely related to each other when they can properly be included in one application and in one patent.

3. A lamp socket made of wood, which was successfully operated for the purpose for which it was constructed, and which embodied the invention of the issue in an interference case, is a reduction to practice, although the commercial article would be made of metal, or of some other substance more durable than wood; and it is immaterial that it was, during the interference proceeding, called a "model." (Following *Hallwood* v. *Lalor*, 21 App. D. C. 61.)

4. This court, in affirming a decision of the Commissioner of Patents awarding priority to the junior party to an interference on the ground of his actual reduction to practice prior to the date of the senior party's constructive reduction to practice, although a patent had been

D. C.]                    Opinion of the Court.

granted to the senior party, commented adversely upon the fact that the successful party had failed to include the invention of the issue in a former application made by him for a patent for a device of the same general character although it properly might have been included, but remitted the matter to the determination of the courts in the ordinary routine of litigation, when the rival patents of the parties would be brought to the final arbitrament of judicial determination.

No. 270. Patent Appeals. Submitted November 16, 1904. Decided December 6, 1904.

HEARING on an appeal from a decision of the Commissioner of Patents in an interference case.          *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. A. P. Greeley* and *Mr. William A. Redding* for the appellant.

*Messrs. Starr, Cruse, & Scherr* for the appellee.

Mr. Justice MORRIS delivered the opinion of the Court:

This is an appeal from a decision of the Commissioner of Patents in an interference case, wherein the subject-matter of controversy is an electric-lamp socket for incandescent bulbs, which has been officially stated in the following terms:

"The combination with a cup and base of insulating material, and means for receiving electric conductors between the same and a clamping device for holding the same thereto, of a screw socket within the cup of insulating material, a central metal plate, metallic sleeves connected respectively to said parts and extending through perforations in the lower portion of the cup and pointed devices passing through said sleeves and adapted to penetrate the covering of the electric conductors to contact with the wires therein, substantially as set forth."

In his opinion filed in the cause the nature and purpose of the invention are well stated in the following paragraph, which we extract from it:

"The invention covered by this count relates to an incandescent-light socket to be used primarily in electric decorations. Where formerly it was necessary to remove portions of the insulation of the two cables of opposite polarity to allow connection to be made with the ordinary lamp, the invention covered by this count permits of a connection being made directly through the insulation without first removing any portion of it. When using the socket in issue, it is merely necessary to place the cables upon the object to be illuminated, and then at the desired intervals press the pins or points of the socket through the insulation until they contact with the electric conductors. After the lamp is removed the punctures in the insulation can be readily obliterated by rubbing them over with a blunt instrument, or even with the finger nail of the operator. This permits, not only of the lamp being placed upon the conductor with very little labor, but also allows electric cables to be used repeatedly, whereas formerly, when the insulation had to be scraped off, they were practically worthless after being used once.

"It is noted that the issue calls, not only for a socket within which the end of the electric bulb is received, but also for a base or clamping portion which fits upon the opposite side of the cables from that upon which the lamp socket is placed; and by means of screws or other devices the cables are securely clamped between the cup and base."

The appellant, Mortimer Norden, holds a patent for the invention which was issued to him on April 22, 1902, upon an application filed on January 16, 1902. In his preliminary statement he alleges conception on October 1, 1901; disclosure on or about November 1, 1901; and reduction to practice on or about February 1, 1902.

The appellee, Russell Spaulding, filed his application on May 3, 1902, after seeing Norden's patent, for the express purpose of obtaining an interference therewith, and copied the claims of Norden's patent. In his preliminary statement he alleges conception of the invention on or about February 22,

1901; disclosure of it in June of 1901; and reduction to practice about November 7, 1901.

Upon the proofs adduced the Examiner of Interferences awarded priority of invention to Norden, the senior party and patentee. His judgment, however, was reversed by the Board of Examiners-in-Chief; and the decision of the board was affirmed by the Commissioner of Patents, who awarded judgment of priority of invention to Spaulding. From the decision of the Commissioner Norden has prosecuted the present appeal.

The burden of proof in this case was very greatly upon the appellee as being both the junior applicant and required to overcome the effect of a patent in the hands of his opponent. To lighten his burden he had recourse to a previous application made by him to the Patent Office on February 5, 1902, for a patent for a device of the same general character as that involved in this interference, wherein he claims that the issue of the present interference was shown, although not made the subject of claim. As this application was made before the issue of the patent to the appellant, he argues that he is under no obligation to combat the effect of a patent. The Board of Examiners-in-Chief in the Patent Office and the Commissioner of Patents sustained this contention; the Examiner of Interferences rejected it. We agree with the Examiner of Interferences that it is not tenable. It is an essential requirement of the present issue that the pins, so called, should extend through the nipples. The appellee's specifications in his application of February 5, 1902, merely provide that the pins should be soldered to the nipples, which is a very different thing. We fail to find in the application of February 5, 1902, any disclosure of the issue of the present invention. Moreover, there is no good reason, as the Examiner of Interferences remarks, why this device should not have been included in that application, if the appellee then had not only the complete idea, but, as he claims, a complete reduction of it to practice. The law, as we understand it, does not favor the multiplication of applications and of patents for devices so closely related to each other, when they can properly be included in one application

and in one patent. We think that in this interference the appellee's application of February 5, 1902, cannot avail him to lighten his burden of proof.

The appellee must prevail, if at all, by reason of a wooden model made by him on November 7, 1901, which is claimed to be a reduction to practice of the invention in issue, and which the Board of Examiners in the Patent Office and the Commissioner of Patents have so held. It seems to be beyond question that this model was made at the time specified, and that, therefore, it antedated by upwards of 2 months the appellant's constructive reduction to practice, which is the only reduction to practice which he claims or can claim, by the filing of his application of January 16, 1902. If it is a reduction to practice, the appellee must prevail; if it is not a reduction to practice, the appellant must prevail. The whole controversy, therefore, depends upon the effect to be given to this model of November 7, 1901.

The fact that this construction has been called a *model,* is of no consequence. If it is in fact a reduction to practice it should be given that effect by whatever name it is called. Now, this so-called "model" is of full size for practical use, is practically operative, and has in fact been successfully operated for the purpose for which it was intended. What was said of an analogous construction by the Commissioner of Patents in the case of *Hallwood* v. *Lalor,* 103 O. G. 887, which was affirmed by this court in 21 App. D. C. 61, is entirely appropriate in the present case. There it was said:

"That machine is full sized and embodies the combination of the issue. It was made by hand, the framework being of wood, and it is probable that machines made by machinery for commercial purposes would differ from it in materials and finish; but in its present form it is practically operative for the purpose intended and is a reduction of the invention to successful practice."

So, also, in the present case, as remarked by the Commissioner of Patents in his opinion, the model so called, which is here referred to—a lamp socket — "is made of wood, which

would not be used in the commercial article, and it is of full size and has been thoroughly tested and used for exhibition purposes by Spaulding."

The commercial article would be made of metal, or of some substance more durable than wood; yet the wooden article is operative, and is a complete reduction of the invention to practice. As its manufacture undoubtedly preceded the date of Norden's constructive reduction to practice, Spaulding must be held to have been the first and original inventor of the device in controversy.

We are not entirely satisfied with certain features of Spaulding's case. We have noted the fact, for example, that he failed to include this invention in the claims and specifications of his application to the Patent Office on February 5, 1902, where and when it might very properly have been included, and where the omission tends to throw discredit on his claim of earlier invention. But these and other matters we remit to the determination of the courts in the ordinary routine of litigation, when, as is likely, the rival patents of the parties will be brought to the final arbitrament of judicial determination.

We are of opinion that, on the showing made in the record before us, the decision of the Commissioner of Patents awarding judgment of priority of invention to the appellee, Spaulding, should be affirmed; and it is hereby affirmed.

The clerk will certify this opinion and the proceedings of this court in the premises to the Commissioner of Patents according to law.                           *Affirmed.*